[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#148)
The plaintiff, Alfred J. Ranieri, Jr., M.D., initially brought a single count small claims action to recover fees associated with medical treatment provided to the defendant, John J. DiLustro. The action was then transferred to the regular Superior Court docket on May 13, 1999, upon motion made by the defendant. Since then, this action has had a rather tortuous procedural history. An abbreviated version would read as follows:
On July 23, 1999, the plaintiff filed a two-count revised complaint alleging money damages in the form of an unpaid balance for medical services, in the amount of $747.00, and an equitable claim for unjust enrichment. On July 29, 1999, the defendant filed an answer, as well as special defenses. The defendant later filed a two count counterclaim, the second count of which sounded in a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a. A motion to strike that counterclaim was granted in its entirety, and the plaintiff repleaded the CUTPA count, in response to which the plaintiff filed a new motion to strike. After that motion to strike was granted, Alander, J., the defendant filed a substituted counterclaim, realleging the CUTPA count in a manner which purportedly satisfied the issues identified by Judge Alander as the basis for striking the initial CUTPA counterclaim.
The defendant asserts in his present substituted counterclaim that his insurance company sent the plaintiff doctor a check in an amount significantly less than the fee he had charged the defendant because the insurance company determined that the plaintiffs fee "exceeded reasonable and customary charges." The defendant further asserts that the plaintiff doctor's actions, in accepting the insurance check and thereafter bringing the present collection suit against the defendant for payment of the unpaid balance of the defendant's bill, "[constitute] unfair or deceptive practices in the conduct of trade or practice, in CT Page 2700 violation of General Statutes § 42-110b." The defendant also asserts that, a result of said unfair or deceptive practices, the defendant has sustained actual damages/ascertainable loss. . . ." On November 30, 1999, the plaintiff filed a motion to strike the defendant's substituted counterclaim, arguing that the counterclaim "fails to state a claim upon which relief can be granted" because the allegations neither meet the requirements of General Statutes § 42-110b nor do they satisfy the statutory "ascertainable loss" requirement and the common law "cigarette rule."
Practice Book § 10-39 provides in pertinent part: "Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint [or other pleadings] . . . to state a claim upon which relief can be granted." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998).
"A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions
stated in the pleadings. . . . The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support [a] . . . cause of action, the motion to strike must fail." (Citations omitted; emphasis in original; internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997). Thus, "[a] motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v.BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
General Statutes § 42-110b (a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.[1]
"Whether a practice is unfair and thus violates CUTPA is an issue of fact." Willow Springs Condominium Assn., Inc. v. Seventh BRTDevelopment Corp., supra, 245 Conn. 43. "It is well settled that in determining whether a practice violates CUTPA [the Connecticut Supreme Court has] adopted the criteria set out in the "cigarette CT Page 2701 rule'[2] by the Federal Trade Commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other business persons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Willow Springs Condominium Assn., Inc. v. Seventh BRTDevelopment Corp., [245 Conn. 1, 43, 717 A.2d 77 (1998)]. Moreover, [the Connecticut Supreme Court] has set forth a three part test for satisfying the substantial injury criterion: [1] [the injury] must be substantial; [2] it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and [3] it must be an injury that consumers themselves could not reasonably have avoided." (Citation omitted; internal quotation marks omitted.) HartfordElectric Supply Co. v. Allen-Bradley Co., 250 Conn. 334, 367-69,736 A.2d 824 (1999).
"Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy." Saturn Construction Co. v. PremierRoofing Co., 238 Conn. 293, 311, 680 A.2d 1274 (1996). "Furthermore, a party need not prove an intent to deceive to prevail under CUTPA." Jacobs v. Healey Ford-Subaru, Inc.,231 Conn. 707, 726, 652 A.2d 496 (1995).
General Statutes § 42-110g further provides, in pertinent part, "(a) Any person who suffers any ascertainable loss of moneyor property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages. Proof of public interest or public injury shall not be required in any action brought under this section. The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper. . . ." (Emphasis added.) General Statutes § 42-110g. CT Page 2702
"The plain language of § 42-110g (a) provides one limitation [to General Statutes § 42-110b] by requiring that the plaintiff suffer an ascertainable loss that was caused by the alleged unfair trade practice." Haesche v. Kissner,229 Conn. 213, 223-24, 640 A.2d 89 (1994). "[The Connecticut Supreme Court has] stated that [t]he ascertainable loss requirement is a threshold barrier which limits the class of persons who may bring a CUTPA action seeking either actual damages or equitable relief. . . . An ascertainable loss is a deprivation, detriment [or] injury that is capable of being discovered, observed or established. . . . [A] loss is ascertainable if it is measurable even though the precise amount of the loss is not known. . . . Under CUTPA, there is no need to allege or prove the amount of the ascertainable loss. . . . A plaintiff need not prove a specific amount of actual damages in order to make out a prima facie case [under CUTPA]." (Citations omitted; internal quotation marks omitted.) Service Road Corporation v. Quinn, 241 Conn. 630,638-39, 698 A.2d 258 (1997);
With respect to CUTPA claims against medical professionals, "[CUTPA claims] may arise . . . only when the actions at issue are chiefly concerned with entrepreneurial aspects of practice, such as the solicitation of business and billing practices, as opposed to claims directed at the competence of and strategy employed by the defendant." Haynes v. Yale-New Haven Hospital,243 Conn. 17, 35-36, 699 A.2d 964 (1997) "[T]he touchstone for a legally sufficient CUTPA claim against a health care provider is an allegation that an entrepreneurial or business aspect of the provision of services aside from medical competence is implicated, or aside from medical malpractice based on the adequacy of staffing, training, equipment or support personnel." Id., 38.
In the present action, the thrust of the defendant's claim, as illuminated at oral argument, is that the plaintiffs efforts to collect the balance of the defendant's outstanding bill, which bill was deemed by the defendant's insurance company to exceed a "reasonable and customary" charge, constitute a violation of CUTPA. The defendant, however, has failed to explain how the plaintiffs conduct violates any one of the three prongs of the "cigarette rule", as previously set forth.[3] The court acknowledges that the defendant has claimed, at length, that he has sustained "actual damages/ascertainable loss." Even if valid, however, this assertion by itself is insufficient to withstand CT Page 2703 the plaintiffs motion to strike. The relevant damages statute, General Statutes § 42-110g, provides that a violation of General Statutes § 42-110b is a prerequisite to recovery under § 42-110g.[4] In order to recover damages in the present action, pursuant to General Statutes § 42-110g, the defendant must first establish that he has been subjected to an unfair or deceptive trade practice, pursuant to General Statutes § 42-110b, as that statute is interpreted by the common law cigarette rule. See Hartford Electric Supply Co. v. Allen-BradleyCo., supra, 250 Conn. 367-69.
The essence of the defendant's claim is only that the plaintiff is seeking to recover fees in excess of what the defendant's insurer, in accordance with whatever unspecified criteria it may have decided to use, has denominated "reasonable and customary." The defendant has failed to show that the plaintiffs actions, as set forth above, are in violation of any prong of the "cigarette rule". The defendant has therefore failed to establish that the plaintiffs actions constituted a violation of CUTPA. Because that failure is dispositive of the motion to strike, it is not necessary for this court to consider the defendant's claims with respect to damages.
The plaintiffs motion to strike the defendant's substituted counterclaim is therefore granted.
Jonathan E. Silbert, Judge